**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**301 West Main Street**
**Benton, Illinois 62812**
**618-439-7760**

**Norbert G. Jaworski**
**Clerk of Court**

August 11, 2005

Clerk, United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

**FILED**

AUG 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    *USA vs. Max L. Oakley*
       **Your file: 05-0436M-01**
       Our file: **05-MJ-4029-PMF**

Dear Clerk:

Enclosed is the entire original file along with a certified copy of the docket entries for proceedings held in the Southern District of Illinois before Magistrate Judge Philip M. Frazier.

Please acknowledge receipt of these documents on the attached copy of this letter. Thank you.

Sincerely,

**NORBERT G. JAWORSKI,**
**CLERK OF COURT**

**By: s/ Karen R. Metheney**
       **Deputy Clerk**

Enc.



RECEIVED

AUG 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# U.S. District Court
## Southern District of Illinois (Benton)
## CRIMINAL DOCKET FOR CASE #: 4:05-mj-04029-PMF-ALL
### Internal Use Only

Case title: USA v. Oakley                              Date Filed: 08/08/2005
Other court case number: 05-0436M-01 District of
                         Columbia

Assigned to: Mag Judge Philip M.
Frazier

**Defendant**

**Max L. Oakley (1)**                    represented by  **William R. Stewart**
                                                         Federal Public Defender's Office -
                                                         Benton
                                                         401 West Main Street
                                                         P.O. Box 1075
                                                         Benton, IL 62812
                                                         618-435-2552
                                                         Email: William_Stewart@fd.org
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

**Pending Counts**                       **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                           **Disposition**

None

**Plaintiff**

**USA**

represented by **Robert L. Garrison**
Assistant U.S. Attorney - Fairview
Heights
9 Executive Drive
Suite 300
Fairview Heights, IL 62208
Email: Robert.L.Garrison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/08/2005 | 1 | Receipt of Criminal Complaint and Warrant in case 05-0436M-01, USA v. Max L. Oakley filed in the District of Columbia alleging a violation of 18 USC 844(e), Threatening and conveying false information by email concerning an alleged attempt to be made to destroy a building by means of an explosive. (krm) (Entered: 08/08/2005) |
| 08/08/2005 | 2 | Minute Entry for proceedings held before Judge Philip M. Frazier:Initial Appearance in Rule 5(c)(3) Proceedings as to Max L. Oakley held on 8/8/2005. Attorney William R. Stewart, FPD's office, present for defendant, and FPD's office appointed. Oral waiver of identity hearing. Oral motion for pretrial detention set for 8/11/2005 09:30 AM before Judge Frazier in Benton. (Court Reporter: Elec. (FTR.) (krm) (Entered: 08/08/2005) |
| 08/08/2005 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Max L. Oakley. Signed by Judge Philip M. Frazier on 8/8/2005. (krm) (Entered: 08/08/2005) |
| 08/08/2005 | 4 | ORDER OF TEMPORARY DETENTION as to Max L. Oakley: Detention Hearing set for 8/11/2005 09:30 AM in Benton Court House before Judge Philip M. Frazier. Signed by Judge Philip M. Frazier on 8/8/2005. (krm) (Entered: 08/08/2005) |
| 08/11/2005 | 5 | Minute Entry for proceedings held before Judge Philip M. Frazier: Defendant waives preliminary hearing on the Criminal Complaint. Waiver accepted and probable cause found. Detention Hearing held on 8/11/2005. Government's oral motion for pretrial detention denied. Recognizance bond set upon terms and conditions. (Court Reporter Chris Simpson, Northcutt Reporting Service.) (krm) (Entered: 08/11/2005) |
| 08/11/2005 | 6 | WAIVER of Preliminary Hearing by Max L. Oakley. (krm) (Entered: 08/11/2005) |
| 08/11/2005 | 7 | ORDER Setting Conditions of Release. Signed by Judge Philip M. Frazier on 8/11/2005. (krm) (Entered: 08/11/2005) |

| 08/11/2005 | ○8 | Bond Entered as to Max L. Oakley. (krm) (Entered: 08/11/2005) |
| 08/11/2005 | ○9 | Letter from Clerk, SD/IL to Clerk, District of Columbia transmitting entire original file with certified copy of docket entries. (krm) (Entered: 08/11/2005) |

CERTIFIED TRUE COPY

By _Karen R. Mothner_

Deputy Clerk

Date _8/11/05_

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

## For The District of Columbia

*(handwritten/stamp: AUG 08 2005 PHILIP M. FRAZIER U.S. MAGISTRATE JUDGE SOUTHERN DISTRICT BENTON ILLINOIS)*

**UNITED STATES OF AMERICA**

V.

**MAX L. OAKLEY**
**DOB:**

**CRIMINAL COMPLAINT**

**05 - 0 4 3 6 M - 0 1.**

CASE NUMBER:

05-mJ-4029-PmF (SDIIL)

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief.  On or about _____ July 29, 2005 _____ in ___ Washington, D.C. ___ county, in the

_____ District of __Columbia__ defendant(s) did, (Track Statutory Language of Offense)

in or affecting interstate commerce, willfully make a threat and maliciously convey false information knowing the same to be false, by sending emails concerning an alleged attempt to be made to destroy a building, that is, the headquarters of the Council on American-Islamic Relations (CAIR) located at 453 New Jersey Avenue, SE, Washington, DC, by means of an explosive.

in violation of Title ___18___ United States Code, Section(s) ___844(e)___.

I further state that I am __ Dean Harp, Special Agent with the Federal Bureau of Investigation __, and that this complaint is based on the following facts:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Complainant
Dean Harp, Special Agent
Federal Bureau of Investigation

AUSA, Catharine A. Hartzenbusch  (202) 353-8822
Sworn to before me and subscribed in my presence,

Date  AUG 03 2005                              at      Washington, D.C.
                                                        City and State

**ALAN KAY**
**U.S. MAGISTRATE JUDGE**

Name & Title of Judicial Officer                      Signature of Judicial Officer

RECEIVED

AUG 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
### MAX L. OAKLEY
### DOB: 10/19/1944

I. Dean Harp. Special Agent. Federal Bureau of Investigation. being duly sworn, depose and state:

1.    I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and am currently assigned to the Washington Field Office of the FBI.  As such, I have been assigned to investigate violations of federal law and have used search warrants and other law enforcement techniques.  I have received extensive training in investigating violations of federal statutes and have discussed ongoing investigations with law enforcement officers who are experienced in these areas.

2.    The statements contained in this affidavit are based on information provided to me by Special Agents of the FBI, and on my experience and background as a Special Agent of the FBI.  This affidavit does not contain every material fact that I have learned during the course of this investigation: instead, it contains a recitation of those facts necessary to establish probable cause.

3.    This affidavit is made in support of a criminal complaint against Max L. Oakley. for threatening in emails unlawfully to destroy a building by means of an explosive in violation of Title 18, United States Code. Section 844(e).

4.    On or about 07/22/2005, the Council on American-Islamic Relations (CAIR) received a harassing/threatening email from troopc4thcav@yahoo.com.  The email contained the name "Max Oakley" in the "From" header email section along with the email address of troopc4thcav@yahoo.com. CAIR is a nonprofit Islamic civil rights and advocacy group, whose headquarters is located at 453 New Jersey Avenue. SE, in

Washington D.C. The first email sent on 07/22/2005 included the statements, "you cock suckers better lay of tom rancredo he is right mecca should be nuked along with the rest of your satanist holy places every pig islamic should be wiped of the face of the earth and we are going to do just that" (grammatical errors in original).

5.     On or about 07/29/2005, CAIR reported it had received two additional emails containing the name "Max Oakley" in the "From" header email section along with the email address qtrcav@hotmail.com. The email received in the early morning by CAIR on 07/29/2005 advised CAIR that it needed to watch what happens in the next 3 days "after the rest of the mosques will go up in thye damdest explosion you have ever seen" [sic]. The email also advised that the only way to stop these attacks is to make a public announcement on nation television that CAIR is closing down and "you basturd islamics are leaving the usa" [sic].

6.     The second email also received by CAIR on or about 07/29/2005 immediately afterwards stated that the announcement of the closing of CAIR must be made on prime time television and all cable news stations on 07/29/2005 at 9:00 p.m. The email then advised that everything was in place to take out the CAIR headquarters and all mosques, and that two years have been spent planning for this event.

7.     Officers of the Washington Metropolitan Police Department (MPD) Explosive Ordnance Disposal Unit searched the building with K-9 dogs, but found no evidence of explosives. MPD Officers patrolled around the block at frequent intervals throughout the day.

8.     On July 29, 2005, a Request for Emergency FBI Access to Information pursuant to the emergency provisions of Title 18 U.S.C. 2202(b) (8) and 2702 (c) (4),

was issued to Microsoft MSN Hotmail requesting subscriber information relating to the
email address of qtrcav@hotmail.com.  Hotmail's response indicated that the email
account is registered to Max Oakley, located in Illinois and a zip code of 62468.

9.    On July 29, 2005, an online search revealed the address for someone by the
name of Max L. Oakley as 301 E Washington Street, Toledo, Illinois 62468.  The online
search also included the following address:  PO Box 171, Toledo, Illinois 62468.  A
further online search based on the email address qtrcav@hotmail.com revealed a message
signed by a Max Oakley had been posted on a bulletin board on the website
www.quarterhorsecav.org. This particular website is devoted to war veterans of the
United States ¼ Cavalry Units who served in Vietnam, WWII and other United States
wars or conflicts.  This message stated, "Just a note to ask what you and other troopers
think about this last islamic bombing in london hope every has a weppon or more and
plenty of ammo i do think we are going to need it looks like the members of ¼ cav and
other Vietnam vets might have to take care of this islamic situation here in the usa…"
[sic].

10.    On the evening of July 29, 2005, Max L. Oakley was interviewed by FBI
agents at his residence at 301 E. Washington Street, Toledo, Illinois.  During the
interview, Oakley indicated that he had heard of CAIR through the internet and that
CAIR was started by two (2) terrorists.  OAKLEY had been using the internet to gain
information about CAIR and often frequented "chatrooms" over the past 2 to 3 years.
Oakley advised that the things CAIR promotes on its website were threatening towards
him, as well as the U.S.  Oakley then stated, "Islamists threaten us in our own country.
Why can't we say what we want against them?"  Oakley admitted sending email

messages to CAIR on a few occasions, with the most recent being "last night or the night before." Oakley described his emails as a "bunch of bullshit," and that he had basically told CAIR to "get the hell out." Oakley further stated, "If they're going to blow us up, we're going to blow them up." Oakley was not aware of anyone else who had sent email messages to CAIR. Oakley supplied the interviewing agent with his two email accounts as follows: qtrcav@hotmail.com and troop4thcav@yahoo.com. Oakley, a Vietnam veteran, told the FBI agents that he has been on 100% disability from the U.S. Government for Post-Traumatic Stress Disorder (PTSD). Oakley reported that he takes numerous medications each day, several of which are for depression related to his PTSD.

11.    As soon as the FBI learned that Oakley's emails to CAIR had conveyed false information about an alleged attempt to bomb the CAIR building, MPD was notified and at that time discontinued the special patrols around the CAIR building.

12.    On August 2, 2005, an FBI agent met with a representative of CAIR who printed out and provided the series of emails described above from the computers at its headquarters building located at 453 New Jersey Avenue, SE, Washington, DC.

Based on the foregoing, I believe there is probable cause to believe that Max L. Oakley has violated of Title 18, United States Code, Section 844(e). On or about July 29, 2005, in or affecting interstate commerce, he willfully made a threat and maliciously conveyed false information knowing the same to be false, by sending emails concerning

an alleged attempt to be made to destroy a building, that is, the headquarters of the

Council on American-Islamic Relations (CAIR) located at 453 New Jersey Avenue, SE,

Washington, DC, by means of an explosive.

Dean Harp, Special Agent
Federal Bureau of Investigation

**AUG 03 2005**

Sworn and subscribed to before me this _____ day of August _____ , 2005

United States Magistrate Judge

**ALAN KAY
U.S. MAGISTRATE JUDGE**

AO442(Rev. 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
V.

MAX L. OAKLEY

INVESTIGATIVE COPY ONLY
ORIGINAL ON FILE WITH US MARSHAL RM

**WARRANT FOR ARREST**

CASE NUMBER:

To:    The United States Marshal
and any Authorized United States Officer

**05 - 0 4 3 6 M - 0 1**

YOU ARE HEREBY COMMANDED to arrest _____ MAX L. OAKLEY _____
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment    ☐ Information    ☒ Complaint    ☐ Order of Court    ☐ Violation Notice    ☐ Probation Violation Petition

charging him or her with (brief description of offense)

EXPLOSIVE

**ALAN KAY**
**U.S. MAGISTRATE JUDGE**
in violation of Title _18_ United States Code, Section(s) _844(e)_ .

**ALAN KAY**
U.S. MAGISTRATE JUDGE

Name of Issuing Officer

Title of Issuing Officer
AUG 03 2005    **District of Columbia**

Signature of Issuing Officer

Date and Location

Bail fixed at $ _____    by _____
Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

AO442(Rev. 12/85)Warrant for Arrest

## THE FOLLOWING IS FURNISHED FOR INFORMATION ONLY:

DEFENDANT'S NAME: _____

ALIAS: _____

LAST KNOWN RESIDENCE: _____

LAST KNOWN EMPLOYMENT: _____

PLACE OF BIRTH: _____

DATE OF BIRTH: _____

SOCIAL SECURITY NUMBER: _____

HEIGHT: _____  WEIGHT: _____

SEX: _____  RACE: _____

HAIR: _____  EYES: _____

SCARS, TATTOOS, OTHER DISTINGUISHING MARKS: _____

_____

_____

FBI NUMBER: _____

COMPLETE DESCRIPTION OF AUTO: _____

INVESTIGATIVE AGENCY AND ADDRESS: _____

_____

_____

RECEIVED

AUG 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
Southern District of Illinois
Benton Division

MINUTES OF INITIAL APPEARANCE

CASE NO.  05-MJ-4029-PMF                                 DATE: August 8, 2005

USA v.  MAX L. OAKLEY                                    JUDGE:  Philip M. Frazier
                [ x ] Present  [ x ] Custody  [ ] Bond
                                                        REPORTER: elec. (FTR)
DEFENSE COUNSEL: William R. Stewart, for AFPD
         [ x ] Present  [ ] Appointed  [ ] Retained  [ ] Waived    DEPUTY: Karen R. Metheney

AUSA:  Robert L. Garrison                               TIME: 9:10 a.m.

 

[X]    Defendant sworn and questioned by the Court concerning his request for appointment
       of counsel. The Motion is granted as to proceedings in this district. The Federal Public
       Defender for the Southern District of Illinois is appointed.

[X]    Defendant has received and reviewed a copy of the ☒ Criminal Complaint ☐ Indictment
       ☐ Petition to Revoke Supervised Release, and waives reading.

[X]    Defendant advised of constitutional rights.

[X]    Defendant orally waives identity hearing. The Court finds the waiver to be voluntary
       and counseled and accepts same.

[ ]    Bond set at $ _____ secured / unsecured.

[X]    Oral Motion for Detention made by government counsel.  [ ] Granted  [ ] Denied

[X]    Detention Hearing set for August 11, 2005, at 9:30 a.m. before Judge Philip M. Frazier
       in Benton.

[X]    Defendant remanded to custody of U.S. Marshal

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 05-MJ-4029-PMF |
| | ) | |
| MAX L. OAKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPOINTING FEDERAL PUBLIC DEFENDER

**FRAZIER, Magistrate Judge**

It appearing from the record that the Defendant is financially unable to obtain counsel, is in need of counsel, and is entitled to the appointment of counsel, the Court hereby appoints the Federal Public Defender for the Southern District of Illinois, to represent the defendant, for proceedings in this district.

**DATED: August 8, 2005.**

s/ *Philip M. Frazier*
HON. PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

AO 470 Order of Temporary Detention

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CASE NO. 05-MJ-4029-PMF** |
| vs. | ) | |
| | ) | |
| MAX L. OAKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF TEMPORARY DETENTION
### PENDING HEARING PURSUANT TO
### BAIL REFORM ACT

Upon motion of the Government, it is **ORDERED** that a detention hearing is set for **August 11,**

**2005, at 9:30 a.m.** before Judge Philip M. Frazier, U.S. Courthouse, 301 West Main St., Benton, Illinois.

Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for

the hearing.

   **DATED:  August 8, 2005.**

                                    *s/ Philip M. Frazier*
                                    HON. PHILIP M. FRAZIER
                                    UNITED STATES MAGISTRATE JUDGE

---

    If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the
Government, or up to five days upon motion of the defendant.  18 U.S.C., Section 3142(f)(2).
    A hearing is required whenever the conditions set forth in 18 U.S.C., Section 3142(f) are present.  Subsection (1) sets forth the
grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion
of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b)
will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten, injure, or intimidate a prospective witness
or juror.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **MINUTES OF COURT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO. 05-MJ-4029-PMF** |
| | ) | |
| MAX L. OAKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**PRESENT: HONORABLE PHILIP M. FRAZIER, U. S. MAGISTRATE JUDGE**

**DEPUTY CLERK: Karen R. Metheney**        **COURT REPORTER: Chris Simpson,**
                                                                                        **Northcutt Reporting Service**

**DATE:  August 11, 2005** (10:15- 11:15 a.m.)        **LOCATION:  Benton**

**COUNSEL FOR GOVERNMENT: Robert L. Garrison, for AUSA**

**COUNSEL FOR DEFENDANT:   William R. Stewart, for AFPD**

**MINUTE ORDER**

PROCEEDING: Preliminary and Detention Hearing

        Defendant present in open court with counsel.

        Waiver of Preliminary Hearing submitted.  Defendant advised. The Court finds the waiver to be voluntary and counseled, and accepts same. Probable cause found and defendant held to answer the charge pending in the District of Columbia.

        Evidence proffered through counsel for both parties on the Government's oral motion for pretrial detention. Motion denied.  Recognizance bond set upon terms and conditions stated in open court.

# United States District Court

Southern _____ DISTRICT OF _____ Illinois

*FILED*

UNITED STATES OF AMERICA

V.

Max L. Oakley

AUG 1 1 2005

CLERK, U.S. DI...
SOUTHERN D...

## WAIVER OF PRELIMINARY EXAMINATION OR HEARING
(Rule 5 or 32.1, Fed. R. Crim. P.)

Case Number: 05- 0436 M -01

I, _Max L. Oakley_____ , charged in a (complaint) (petition)

pending in this District with _willfully making a threat a maliciously conveying false_
_information_

in violation of Title __18_____ , U.S.C., __844 (e)_____ ,

and having appeared before this Court and been advised of my rights as required by Rule 5 or Rule 32.1, Fed. R. Crim. P., including my right to have a preliminary (examination)(hearing), do hereby waive (give up) my right to a preliminary (examination)(hearing).

x _Max L. Oakley_____
Defendant

_8 Aug. 2005_____
Date

_Wm R Stut_____
Counsel for Defendant

6

Order Setting Conditions of Release                                    Page 1 of 3 Pages

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

**FILED**

AUG 1 1 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 05-MJ-4029-PMF |
| | ) |
| MAX L. OAKLEY, | ) |
| | ) |
| Defendant. | ) |

**ORDER SETTING CONDITIONS**
**OF RELEASE**

IT IS ORDERED that the release of the defendant is subject to the following conditions:

   (1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

   (2)   The defendant shall advise the U. S. Pretrial Services Agency, defense counsel and the U.S. Attorney in writing, before any change in address and telephone number.

   (3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.  The defendant shall next appear before the U.S. District Court for the District of Columbia on August 19, 2005, **as notified**.

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ )   (4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(  )   (5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($.00) in the event of a failure to appear as required or violation of any of the other conditions set forth in this order, or to surrender as directed for service of any sentence imposed.

Copies to:      Defendant      Defendant's Attorney      U.S. Marshal      U.S. Attorney   U.S. Probation

7

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )   (6)   The defendant is placed in the custody of: _____ (Name of person or organization)
         (Address) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____ Custodian or Proxy

( ✔ )   (7)   The defendant shall:

    ( ✔ )   (a)   report to the U.S. Probation Office as directed. Report immediately upon release from court for completion of bond inquiry and reporting instructions.

    ( )   (b)   execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property:

    ( )   (c)   post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

    ( )   (d)   execute a bail bond with solvent sureties in the amount of $

    ( )   (e)   maintain or actively seek employment

    ( )   (f)   maintain or commence an educational program.

    ( )   (g)   surrender any passport to _____

    ( )   (h)   obtain no passport

    ( ✔ )   (i)   abide by the following restrictions on his/her personal associations, place of abode, or travel:
         travel is restricted to the Southern and Central Districts of Illinois, the District of Columbia, and points in between for the purpose of attending court proceedings, otherwise home detention as per (t) below.

    ( ✔ )   (j)   avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution.

    ( )   (k)   undergo medical or psychiatric treatment and/or remain in an institution, as follows:

    ( )   (l)   return to custody each (week)day as of _____o'clock after being released each (week)day as of __ _____o'clock for employment, schooling, or the following limited purpose(s):

    ( ✔ )   (m)   maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.

    ( ✔ )   (n)   refrain from possessing a firearm, destructive device, ammunition, or other dangerous weapon.

    ( ✔ )   (o)   refrain from (X) any ( ) excessive use of alcohol.

    ( ✔ )   (p)   refrain from any use or unlawful possession of a narcotic drug and other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

    ( )   (q)   submit to any method of testing required by the pretrial services office or the supervising officer for determining whether defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

    ( )   (r)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.

    ( )   (s)   refrain from obstructing/attempting to obstruct or tamper, in any way, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring required as a condition of release.

    ( ✔ )   (t)   participate in one of the following home confinement program components and abide by all the requirements of the program which ( ✔ ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.

        ( )   (i)   **Curfew.** You are restricted to your residence every day ( ) from_ to_or ( ) as directed by the pretrial services office or supervising officer; or

        ( ✔ )   (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education, religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer.

        ( )   (iii)   **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.

    ( ✔ )   (u)   report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

    ( ✔ )   (v)   not disseminate materials acquired from the Government through pretrial discovery to any person.

    ( ✔ )   (w)   undertake and complete any programs directed by the pretrial services office or supervising officer, which may include inpatient or outpatient drug and/or alcohol rehabilitation, mental health treatment, medical treatment, or any other program deemed necessary by the pretrial services office of supervising officer.

    ( )   (x)   not be present in any location where any illegal substance is being manufactured, used, or sold.

    ( ✔ )   (y)   all firearms and ammunition to be turned over to Cumberland County Sheriff's Office by defendant's wife

    ( ✔ )   (z)   submit his Firearm Owner's Identification Card to the pretrial services office

    ( ✔ )   (aa)   not purchase or obtain another computer

### Advice of Penalties and Sanctions

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention as provided in 18 U.S.C. § 3148, and a prosecution for contempt as provided in 18 U.S.C. § 401 which could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor.  This sentence shall be in addition to any other sentence.

Federal law (18 U.S.C. § 1503) makes it a crime punishable by up to ten years of imprisonment, a $250,000 fine, or both to obstruct a criminal investigation.  It is a crime punishable by up to ten years of imprisonment, a $250,000 fine, or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you  shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense.  In addition, a failure to appear may result in the forfeiture of any bond posted.

### Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_Max I Ashley_
_____
Signature of Defendant

_____
Street Address/P. O. Box/Rural Route

_____
City                          State                    Zip

_____
(Area Code)                   Telephone Number

### Directions to United States Marshal

( ✓ )   The defendant is ORDERED released after processing.

(  )    The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release.  The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: __August 11, 2005__            _____

**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

FILED

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **MAX L. OAKLEY,** | ) |
| | ) |
| **Defendant.** | ) |

AUG 1 1 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**CASE NO. 05-MJ-4029-PMF**

### APPEARANCE BOND

Non-surety:    I, the undersigned defendant, acknowledge that I and my . . .

Surety: We, the undersigned, jointly and severally acknowledge that we and our . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ N/A (recognizance).

The conditions of this bond are that the defendant is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and the forfeiture not set aside or remitted, judgment may enter upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may issue and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on August 11, 2005, at Benton, Illinois.

_____
Signature of Defendant

_____
Street Address/P.O. Box/Rural Route

City                    State                    Zip

_____
(Area Code)              Telephone Number

Signed and acknowledged before me on August 11, 2005.

Approved: _____

Hon. Philip M. Frazier
United States Magistrate Judge

_____
Deputy Clerk

RECEIVED

AUG 1 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT